1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CAROL ANN LOPEZ,                              No. 2:15-cv-2080 DB

12                 Plaintiff,

13         v.                                      ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16                 Defendant.

17

18         This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment.[1]  Plaintiff argues that the ALJ's treatment of the

20   medical opinion evidence and residual functional capacity determination constituted error.  For

21   the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of

22   Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings

23   consistent with this order.

24                               PROCEDURAL BACKGROUND

25         In April of 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB")

26   under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

27   ───────────────────

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant
     to 28 U.S.C. § 636(c).  (See ECF Nos. 7 & 10.)

1  ("SSI") under Title XVI of the Act alleging disability beginning on June 15, 2007.  (Transcript

2  ("Tr.") at 12, 171-83.)  Plaintiff's applications were denied initially, (<u>id.</u> at 108-14), and upon

3  reconsideration.  (<u>Id.</u> at 121-25.)

4     Thereafter, plaintiff requested a hearing which was held before an Administrative Law

5  Judge ("ALJ") on July 22, 2014.  (<u>Id.</u> at 27-65.)  Plaintiff was represented by an attorney and

6  testified at the administrative hearing.  (<u>Id.</u> at 28-29.)  In a decision issued on August 28, 2014,

7  the ALJ found that plaintiff was not disabled.  (<u>Id.</u> at 22.)  The ALJ entered the following

8  findings:

9
10    1.  The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

11
12    2.  The claimant has not engaged in substantial gainful activity since June 15, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

13
14    3.  The claimant has the following severe impairments: lumbar spinal stenosis, mild to moderate degenerative changes in the lumbar region, mild osteopenia in the left ankle, and obesity (20 CFR 404.1520(c) and 416.920(c)).

15
16
17    4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

18
19
20
21    5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can sit, stand, walk for six hours during an eight-hour day each, with normal breaks.  The claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently.  She can occasionally crouch and occasionally stoop.

22
23
24    6.  The claimant is capable of performing past relevant work as a driver (DOT# 913.633.018) and a clerk, general (DOT# 209.562-010).  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

25
26    7.  The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

27  (<u>Id.</u> at 15-22.)

28  ////

1    On August 17, 2015, the Appeals Council denied plaintiff's request for review of the

2    ALJ's August 28, 2014 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42

3    U.S.C. § 405(g) by filing the complaint in this action on October 5, 2015.  (ECF No. 1.)

4                                            LEGAL STANDARD

5    "The district court reviews the Commissioner's final decision for substantial evidence,

6    and the Commissioner's decision will be disturbed only if it is not supported by substantial

7    evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

8    Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

9    support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

10   Chater, 108 F.3d 978, 980 (9th Cir. 1997).

11   "[A] reviewing court must consider the entire record as a whole and may not affirm

12   simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

13   466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

14   1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

15   reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d

16   1072, 1075 (9th Cir. 2002).

17   A five-step evaluation process is used to determine whether a claimant is disabled. 20

18   C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

19   process has been summarized as follows:

20          Step one:  Is the claimant engaging in substantial gainful activity?
            If so, the claimant is found not disabled.  If not, proceed to step
21          two.

22          Step two:  Does the claimant have a "severe" impairment?  If so,
            proceed to step three.  If not, then a finding of not disabled is
23          appropriate.

24          Step three:  Does the claimant's impairment or combination of
            impairments meet or equal an impairment listed in 20 C.F.R., Pt.
25          404, Subpt. P, App. 1?  If so, the claimant is automatically
            determined disabled.  If not, proceed to step four.
26
            Step four:  Is the claimant capable of performing his past work?  If
27          so, the claimant is not disabled. If not, proceed to step five.

28   ////

                                                      3

1    Step five:  Does the claimant have the residual functional capacity
     to perform any other work?  If so, the claimant is not disabled.  If
2    not, the claimant is disabled.

3    Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

4        The claimant bears the burden of proof in the first four steps of the sequential evaluation

5    process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

6    if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

7    1098 (9th Cir. 1999).

8                                        APPLICATION

9        In her pending motion plaintiff asserts the following two principal claims:  (1) the ALJ's

10   treatment of the medical opinion evidence constituted error; and (2) the ALJ formulation of

11   plaintiff's residual functional capacity constituted error.  (Pl.'s MSJ (ECF No. 14) at 7-13.[2])

12   **I.      Medical Opinions**

13       The weight to be given to medical opinions in Social Security disability cases depends in

14   part on whether the opinions are proffered by treating, examining, or nonexamining health

15   professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a

16   general rule, more weight should be given to the opinion of a treating source than to the opinion

17   of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a

18   treating doctor is employed to cure and has a greater opportunity to know and observe the patient

19   as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894

20   F.2d 1059, 1063 (9th Cir. 1990).

21       The uncontradicted opinion of a treating or examining physician may be rejected only for

22   clear and convincing reasons, while the opinion of a treating or examining physician that is

23   controverted by another doctor may be rejected only for specific and legitimate reasons supported

24   by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining

25   physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

26   of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a

27   _____

28   [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

4

1  treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not

2  accept the opinion of any physician, including a treating physician, if that opinion is brief,

3  conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661,

4  671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.

5  2009)).

6     Here, on July 10, 2014, plaintiff's treating physician, Dr. Taymour E. Malak, completed a

7  "MEDICAL OPINION RE: ABILITY TO DO WORK-RELATED ACTIVITIES (PHYSICAL)"

8  form.  (Tr. at 365-66.)  The ALJ's decision recounted Dr. Malak's opinion, stating:

9  
10
11
12
13
14
15
16
17
> Dr. Malak and [physician assistant] Mr. George jointly completed a
> check-box form providing that the claimant can lift and carry less
> than 10 pounds occasionally and frequently.  She can stand and
> walk for less than two hours in an eight-hour day, with normal
> breaks.  She can sit for less than two hours during an eight-hour
> day, with normal breaks.  The claimant must be able to shift at will
> between sitting, standing, or walking every 30 minutes.  She must
> walk around every 20 minutes for 20 minutes.  She sometimes
> needs to lie down, at unpredictable intervals, every hour during an
> eight-hour working day.  She can never twist, stoop, bend, crouch,
> or climb stairs and ladders because of "severe" spinal stenosis.  The
> claimant is limited in reach overhead, fingering, pushing and
> pulling and handling.  She is limited in kneeling and crawling.  Her
> symptoms are severe enough to interfere with her attention and
> concentration.  The claimant will be absent from work four days per
> month due to her impairments.

18  (Id. at 21.)

19     The ALJ, however, afforded Dr. Malak's opinion "little weight."  (Id.)  In this regard, the

20  ALJ asserted that Dr. Malak's opinion was "overly restrictive in light of the claimant's testimony

21  and other medical records."  (Id.)  According to the ALJ's decision, plaintiff drove often, went

22  grocery shopping, performed light housework, and testified that she was capable of sitting in a

23  recliner for six hours.  (Id.)

24     The evidence cited by the ALJ's decision, however, does not support the ALJ's finding.

25  In this regard, plaintiff testified that she does not do light house work.  (Id. at 39.)  That she can

26  sit for "30 minutes or so or less" due to pain.  (Id. at 48.)  That she can only sit in a recliner for "a

27  little while" before she is again in pain.  (Id. at 49.)  Moreover, plaintiff stated on her May 18,

28  2013 "FUNCTION REPORT-ADULT" form that she goes grocery shopping only twice a month.

1   (Id. at 220.)

2        The ALJ also rejected Dr. Malak's opinion because there was "nothing in the claimant's

3   medical record to suggest her spinal stenosis is severe, as indicated by Dr. Malak and Mr.

4   George." (Id.)  An April 30, 2013, MRI, however, revealed "mild transverse stenosis of the

5   central canal at the L4-L5 secondary mostly to degenerative hypertrophy of the facet joints and

6   thickening of the ligamentum flavum." (Id. at 278.)  Thereafter, plaintiff's treatment notes reflect

7   that she was repeatedly diagnosed with spinal stenosis.  (Id. at 302, 307, 311, 368.)  Moreover, as

8   the ALJ's decision acknowledged, Dr. Malak's opinion was also supported by plaintiff's "mild

9   spinal stenosis, back pain, neuropathy, and extreme pain." (Id. at 21.)

10        Finally, the ALJ also rejected Dr. Malak's opinion because plaintiff had performed full-

11   time work, for several months, after her alleged onset date.  (Id.)  The latest work the ALJ refers

12   to, however, was performed in December of 2009—over four years prior to the time Dr. Malak

13   rendered his opinion.[3]  Plaintiff's employment lasted for one month and only required plaintiff to

14   work 30 hours a week.  (Id. at 195.)  Prior to that, plaintiff worked from November of 2007 to

15   May of 2008—nearly five years prior to Dr. Malak's opinion.  (Id. at 195.)

16        For the reasons stated above, the court finds that the ALJ failed to offer specific and

17   legitimate, let alone clear and convincing, reasons supported by substantial evidence in the record

18   for rejecting Dr. Malak's opinion.  Accordingly, plaintiff is entitled to summary judgment on her

19   claim that the ALJ's treatment of the medical opinion evidence constituted error.

20   **II.    Residual Functional Capacity**

21        Plaintiff also argues that the ALJ's residual functional capacity ("RFC") determination

22   constituted error.  In this regard, plaintiff argues that the ALJ found that plaintiff had mild

23   restrictions of activities of daily living, social functioning and concentration, persistence, and

24   pace, but "failed to account for this finding in the mental RFC." (Pl.'s MSJ (ECF No. 14) at 11-

25   _____

26   [3]  The ALJ's decision found that plaintiff's severe impairments included mild to moderate
     degenerative changes in the lumbar region.  (Tr. at 15.)  "Where a claimant's condition is
27   progressively deteriorating, the most recent medical report is the most probative."  Young v.
     Heckler, 803 F.2d 963, 968 (9th Cir. 1986); see also Osenbrock v. Apfel, 240 F.3d 1157, 1165
28   (9th Cir. 2001) ("A treating physician's most recent medical reports are highly probative.").

1    13.)

2         At step two of the sequential evaluation, the ALJ must determine if the claimant has a

3    medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273,

4    1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The Commissioner's regulations

5    provide that "[a]n impairment or combination of impairments is not severe if it does not

6    significantly limit [the claimant's] physical or mental ability to do basic work activities."  20

7    C.F.R. §§ 404.1521(a) & 416.921(a).  Here, at step two of the sequential evaluation, the ALJ

8    found that plaintiff's "medically determinable mental impairments" of anxiety and depression

9    were "nonsevere" impairments.  (Tr. at 16-17.)

10        However, the ALJ also found that plaintiff had mild limitations in her activities of daily

11   living, social functioning, and concentration, persistence or pace.  (Tr. at 16-17.)  Between steps

12   three and four, the ALJ must determine the claimant's RFC.  20 CFR 416.920(e); Pinto v.

13   Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  A claimant's RFC is "the most [the claimant]

14   can still do despite [his or her] limitations" and is assessed "based on all the relevant evidence."

15   20 CFR §§ 404.1545(a)(1), 416.945(a)(1).

16        In this regard, the ALJ must consider all of the claimant's "medically determinable

17   impairments," including those that are not severe.  20 CFR §§ 416.920(e), 416.945(a)(2); SSR 96-

18   8p; see also Hutton v. Astrue, 491 Fed. Appx. 850 (9th Cir. 2012) ("Regardless of its severity,

19   however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's

20   RFC."); Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008)

21   ("The ALJ is required to consider all of the limitations imposed by the claimant's impairments,

22   even those that are not severe.").

23        Here, the ALJ's discussion of the RFC determination does not mention plaintiff's

24   nonsevere mental impairments.  Nor did the ALJ include any such limitations in questioning the

25   Vocational Expert.  Accordingly, plaintiff is also entitled to summary judgment on her claim that

26   the ALJ's RFC determination constituted error.

27   ////

28   ////

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that the court should "remand for a rehearing, i.e., for further administrative proceedings," and the court agrees.  (Pl.'s Reply (ECF No. 16) at 5.)  This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 15) is denied;

3. The Commissioner's decision is reversed;

////

////

////

////

1    4.  This matter is remanded for further proceedings consistent with this order; and

2    5.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

3    Dated:  March 7, 2017

4

5

6                                                     _____
                                                       DEBORAH BARNES
7                                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    DLB:6
      DB\orders\orders.soc sec\lopez2080
24

25

26

27

28

9